# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GUILLERMO SELF,
BOP #65012-298,

          Plaintiff,

vs.

WARDEN, MCC;
Mr. RICO, Custody Officer,

          Defendants.

Case No.: 3:18-cv-01451-LAB-MDD

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**

**AND**

**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**

GUILLERMO SELF ("Plaintiff"), currently incarcerated at the Federal Correctional Institution in Lompoc, California,[1] has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 against the Warden of the Metropolitan Correctional Center ("MCC") in San Diego and one of its officers seeking to hold them liable for failing to

---

[1] Plaintiff was detained at the Santa Ana Jail at the time he filed his Complaint, but was later transferred to USP–Victorville before he arrived at FCI–Lompoc on August 27, 2018. *See* ECF Nos. 4, 5.

1

3:18-cv-01451-LAB-MDD

address his medical needs after he was injured while working in the MCC's kitchen on November 7, 2017. *See* Compl., ECF No. 1 at 1-5.

Plaintiff did not pay the $400 filing fee 28 U.S.C. § 1914(a) requires to commence a civil action at the time he filed suit; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a Resident Account Statement and Inmate Balance History Report, together with a prison certificate completed by a Santa Ana Jail Records & Training Correctional Supervisor attesting to his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* ECF No. 2 at 4, 7-11; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. The certified prison certificate shows Plaintiff had an average monthly balance of $17.95, and average monthly deposits of $32.13 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $30.24 at the time of filing. *See* ECF No. 2 at 4. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $6.42 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Warden of FCI Lompoc, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's BOP trust account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

///

///

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Factual Allegations

On November 7, 2017, while Plaintiff was detained at MCC[3] and working in the kitchen washing dishes and pans, a 6-7 foot food carrier cart "fell on top of [him] from behind," and he "dropp[ed] to the floor really fast." *See* Compl., ECF No. 1 at 3. After other inmates helped remove the cart, Plaintiff was able to stand and he went "directly" to Correctional Officer Rico's office to report the incident and an injury to his left leg. *Id.* Plaintiff claims Rico "got really upset," refused to immediately "send [him] to [the] medical station to be checked," and ordered him to return to his housing unit instead. *Id.*

Once there, Plaintiff reported the accident to the on-duty officer, Mr. Combs, who informed him he had a "legal visit" to attend with his attorney, Mayra L. Garcia. *Id.* Combs suggested Plaintiff "go ahead and take care" of his visit with Ms. Garcia while he "called medical staff to check[] Plaintiff's swollen leg." *Id.* Plaintiff consulted with Garcia, then returned to the dayroom where he claims to have been examined by a case manager, Mrs. Kelly. *Id.* Kelly instructed Plaintiff to "write an email reporting the incident and requesting a visit to the doctor," and so he did. But "nothing happen[ed]." *Id.*

Two days later, on November 9, 2017, Plaintiff was transferred to "another detention center" where he was given "one pill of Motrin" for pain. *Id.* He claims he has

---

[3] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In this case, the Court takes judicial notice that Plaintiff appears to have been in pretrial custody at MCC on November 7, 2017, after having been arrested on October 12, 2017, was soon-to-be charged by Information with two counts of importing methamphetamine and marijuana in violation of 21 U.S. Code §§ 952, 960, and was arraigned on November 9, 2017. *See United States v. Self*, S. D. Cal. Criminal Case No. 3:17-cr-03691-JLS-1 (ECF Nos. 1-3, 13-15). Plaintiff pleaded guilty and was sentenced to the custody of the BOP on July 13, 2018. *Id.*, ECF Nos. 33, 41, 43-44.

been taking "pain killers ever since," but has yet to be examined by a doctor or to have received any x-ray or MRI. *Id.* at 5.

Plaintiff seeks $50,000 in general and punitive damages from Correctional Officer Rico and the unidentified Warden of MCC based on claims that they denied his "right to medical care" pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 1-2 & Supp. Doc., ECF No. 3 at 1.

C. 42 U.S.C. § 1983 & *Bivens*

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

To the extent Plaintiff invokes federal jurisdiction in this matter pursuant to 42 U.S.C. § 1983, *see* Compl., ECF No. 1 at 1, he fails to state any claim upon which relief can be granted. Section 1983, "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). Thus, because Plaintiff seeks damages based on the allegedly unconstitutional actions of federal actors employed at the MCC, "the only possible action . . . is an action under the authority of *Bivens [v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971)]." *Id.*; *see also Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.").

Because Plaintiff is proceeding without counsel, however, the Court will liberally construe his factual allegations as though they were pleaded to seek relief pursuant to *Bivens*, rather than § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening

complaints pursuant to 28 U.S.C. § 1915A) (citation omitted); *Navarette v. Pioneer Med. Ctr.*, No. 3:12-CV-0629-WQH-DHB, 2012 WL 4178682, at *3 (S.D. Cal. Sept. 17, 2012) (liberally construing prisoner's § 1983 Complaint to instead arise under *Bivens* because Plaintiff claimed violations of his civil rights by a federal actors).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens'*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137, S. Ct. 1843, 1854 (2017)). First, the Court recognized a *Bivens* remedy in the context of a Fifth Amendment claim based on gender discrimination. *Id.* (citing *Davis v. Passman*, 442 U.S. 228 (1979)). Second, the Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24-25 (1980) (concluding that "[a] federal official contemplating unconstitutional conduct [in the context of an Eighth Amendment] medical care [claim]… must be prepared to face the prospect of a *Bivens* action."")).[4]

---

[4] The Court will presume at this preliminary stage of the case and for purposes of screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A *only*, that inadequate medical care claims arising before conviction, and therefore subject to the the Fifth Amendment's Due Process Clause as opposed to the Eighth Amendment's Cruel and Unusual Punishments Clause, are not "different in a meaningful way" from those found sufficient to justify a *Bivens* remedy as recognized by the Supreme Court in *Carlson*. *See Abassi*, 137 S. Ct. at 1864; *Vega*, 881 F.3d at 1153. The Court further notes, however, that the potential viability of such a claim is yet unresolved. *See Abbasi,* 137 S. Ct. at 65 (remanding *Bivens's* "special factor analysis" to Court of Appeals regarding Warden's potential liability for pretrial detention abuse and prolonged detention claims arising under the Fifth Amendment); *but see Laurent v. Borecky*, No. 17-CV-3300 (PKC)(LB), 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018) ("While this case admittedly also presents a different constitutional right at issue—i.e., deliberate indifference to a detainee's medical needs under the Fifth Amendment instead of the Eighth Amendment—unlike [*Abassi*], it bears an extremely strong 'resemblance to [one of] the three *Bivens* claims the [Supreme] Court has approved in the past: . . . a claim against prison officials for failure to treat

"In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Plaintiffs who seek to challenge the sufficiency of medical treatment provided while in pretrial detention pursuant to 28 U.S.C. § 1983 must allege facts sufficient to show that:

> (i) [each] defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) [each] defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, [each] defendant caused [his] injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (in considering the conditions of pretrial detention, courts consider whether the conditions amount to punishment); *Castro v. Cnty of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee); *cf. Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference under the Eighth Amendment only if they know of and disregard an excessive risk to the prisoner's health); *see also Blankenship v. Shinn*, 696 Fed. App'x 237-238 (9th Cir. 2017) (unpublished) (affirming dismissal of federal pretrial detainee's inadequate medical care claims pursuant *Bivens* because, "under any potentially applicable standard, [plaintiff] failed to allege facts sufficient to show that [defendant] knew of or disregarded an excessive risk to [plaintiff's] back problem.").

///

///

---

an inmate's asthma."); *Abassi*, 137 S. Ct. at 1855 (citing *Bivens, Davis,* and *Carlson* as "the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself.").

### D. Individual Liability – Unnamed Warden

First, to the extent Plaintiff includes the unidentified Warden of MCC as a party to this action, his Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007)).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Plaintiff must include in his pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to include any factual content to suggest that MCC's unnamed Warden personally participated in, directed, or caused him to suffer any constitutional injury. Instead, Plaintiff merely includes the "Warden of MCC" as a Defendant in the caption of his pleading, and concludes "he's respons[i]ble for his institution['s] problems." *See* Compl., ECF No. 1 at 2. Maybe so. But Plaintiff offers no further "factual content" to describe the Warden's role in failing to treat his injury on November 7, 2017, and he fails to explain how the Warden violated his constitutional rights through his "own misconduct." *See Iqbal*, 556 U.S. at 677. He must provide more than "unadorned, the defendant-unlawfully-harmed-me accusations," in order to plead a plausible claim for relief. *Id.* at 678. Thus, without more, Plaintiff's allegations as to Warden are subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

9

### E. Correctional Officer Rico

Second, while Plaintiff provides a bit more detail as to Defendant Rico's actions on November 16, 2017, those allegations also fail to state a claim upon which relief can be granted. *See id.*

Specifically, Plaintiff claims that immediately after the food cart fell on him, he was able to "st[and] up and went directly" to Rico's office to report the accident and request medical attention. *See* Compl., ECF No. 1 at 3. Rico *is* alleged only to have been "really upset" and to have refused to "send [Plaintiff] to [the] medical station to be checked." *Id.* However, Plaintiff further reports only to have had a "swollen leg" at the time, admits he was mobile and able to well-enough to meet with his lawyer, and that he *was* examined and requested a "visit to the doctor" via his case manager later the same day. *Id.* at 4.

None of these allegations plausibly show Rico's initial refusal to provide Plaintiff immediate and emergent medical attention put him at "substantial risk of serious harm." *See Gordon,* 888 F.3d at 1125. Nor do they plead "objective indifference." *Id.* at 1124-25 (citing *Castro*, 833 F.3d at 1070 ("[T]he proper standard of review for [a pretrial detainee's inadequate medical care claims] is one of objective indifference, not subjective indifference.")). "The defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071).

At most, Rico's alleged dismissiveness in response to Plaintiff's kitchen accident may have been negligent—but to state a plausible inadequate medical care claim against him, Plaintiff must allege facts to suggest "more than a sheer possibility that [Rico] … acted unlawfully." *Iqbal*, 556 U.S. at 678; *Gordon*, 888 F.3d at 1125 (pretrial detainee's claims must show that the denial, delay, or otherwise unreasonable course of medical care was taken in "reckless disregard" of an excessive risk to the plaintiff's health or safety).

///

1 | For these reasons, Plaintiff's allegations as to Correctional Officer Rico are also subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

F. <u>Leave to Amend</u>

In light of his pro se status, the Court will grant Plaintiff leave to file an Amended Complaint in order to address the pleading deficiencies identified in this Order, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Warden of FCI-Lompoc, or his designee, to collect from Plaintiff's trust account the $6.42 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Federal Correctional Institution, 3600 Guard Road, Lompoc, California, 93436.

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended

3:18-cv-01451-LAB-MDD

Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: September 18, 2018

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
United States District Judge